SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**WILLIAM M. McLAREN, OSB #143836**
William.McLaren@usdoj.gov
**JULIA E. JARRETT**
Julia.Jarrett@usdoj.gov
Assistant United States Attorneys
405 East 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **1:21-cr-00311-MTK-001** |
| **v.** | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE** |
| **TRAVIS LUTHER et al.,** | |
| **Defendant.** | |

Defendant Travis Luther seeks dismissal of the indictment based on an asserted *Brady*/*Giglio* violation relating to disciplinary information of DEA chemist Keith Chan. The motion fails for two independent reasons. First, the timing of disclosure does not violate the Court's discovery order, *Brady*, or its progeny, which require disclosure in time for effective use at trial. Second, Mr. Luther cannot show prejudice. The impeachment material will be in the defense's possession months in advance of trial, and Mr. Luther's right to a fair trial will not have been impeded. Dismissal is an extreme and unwarranted measure. The motion should be denied.

## PROCEDURAL POSTURE

Trial is set in this matter for January 25, 2027. ECF No. 201 ("Criminal Trial Management Order" or "TMO"). According to this Court's TMO, the deadline for remaining discovery is October 22, 2026.

The instant motion to dismiss was filed on September 16, 2026. It argues violations of *Brady*, *Giglio*, and their progeny related to potential impeachment information regarding one of the government's intended witnesses. ECF No. 202.

To be clear, the government has not yet turned over any disciplinary impeachment information for any of its potential witnesses. This type of disclosure generally happens closer to trial when both witness lists and trial dates are more secure. The government is working diligently to obtain, evaluate, and, where appropriate, disclose such information. The government anticipates this disclosure will happen well before the Court's discovery deadline of October 22, 2026.

## LEGAL STANDARD

### A. *Brady*, *Giglio*, and Timing

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. The Court later extended the disclosure duty to include evidence impeaching the testimony of a government witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The Court also held that the duty to disclose applies even absent a request by the defendant. *United States v. Agurs*, 427 U.S. 97, 107 (1976).

"There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999); *see also United States v. Bruce*, 984 F.3d 884, 894–95 (9th Cir. 2021).

The Ninth Circuit has held that, under *Brady*, prejudice exists if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Doe*, 705 F.3d 1134, 1149–50 (9th Cir. 2013). If the defendant has "a substantial opportunity to use the belatedly disclosed evidence, there is no prejudice." *United States v. Alahmedalabdaloklah* ("*Oklah*"), 94 F.4th 782, 827–28 (9th Cir. 2024) (citing *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988)); *see also United States v. Shelton*, 588 F.2d 1242, 1247 (9th Cir. 1978) (holding that "there can be no claim of prejudice insofar as the defendant was enabled to present to the jury favorable or impeaching evidence.").

**B. Dismissal**

"[T]he drastic step of dismissing an indictment is a disfavored remedy." *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988). Such a dismissal primarily functions to "remedy a constitutional or statutory violation"; "protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury"; and "deter future illegal conduct." *United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011) (citations omitted). Dismissal based on the government's failure to comply with its discovery obligations, including discovery orders issued by the court, lies within a Court's supervisory powers, *Jacobs*, 855 F.2d at 655, but

is an "extreme remedy" that is seldom appropriate, *United States v. Lopez*, 4 F.3d 1455, 1464 (9th Cir. 1993).

## ARGUMENT

The instant motion correctly identifies information that could be used to impeach Mr. Chan at trial and must be disclosed. It is favorable information; but impeachment speaks to a witnesses' believability and a defendant's right to a fair trial, not directly to a defendant's guilt or innocence. The Supreme Court recognized that impeachment information differs from other exculpatory information when it held that impeachment information need not be produced to the defense before entry of a guilty plea. *United States v. Ruiz,* 536 U.S. 622, 629 (2002). Consequently, the timing rules differ. Although the government produces exculpatory *Brady* information as soon as practicable, it produces impeachment information in advance of trial.[1] Justice Manual 9.5.001 (C)(2) & (D)(2). Impeachment information for DEA Chemist Chan and any other witness the government calls will meet this requirement. The motion is premature and fails the remaining two elements of the test: there is no suppression as trial is four months from now, discovery deadlines have not passed, and the material will yet be produced; and Mr. Luther has suffered no prejudice. Dismissal is not warranted.

### I. There Has Been No *Brady* Violation

The motion to dismiss appears to imply that *Brady* imposes immediate disclosure of all impeachment information upon request. It argues that if the government has not provided impeachment information related to a potential witness 131 days prior to trial, and counsel for

[1] Discoverable impeachment casts a wide net that often includes sensitive, potentially embarrassing, or private health-related information. Justice Manual 9-5.002(B)(7). There are good reasons to delay disclosure of such information until the government's witness list solidifies.

defense found the impeachment information and opted to write a motion to dismiss, there is a *Brady* violation. ECF No. 202 at 8. This is simply incorrect and not supported by case law.

**A. There is No Suppression as Disclosure Will Occur Well in Advance of Trial and Within Discovery Deadlines**

The motion to dismiss cites no authority suggesting that *Brady* mandates disclosure of impeachment material for a potential trial witness in the weeks, months, or years in advance of trial. That is because that is not the standard. Instead, *Brady* "merely requires the government to turn over the evidence *in time for it to be of use at trial*." *United States v. Fernandez,* 231 F.3d 1240, 1248 n.5 (9th Cir. 2000) (citations omitted; emphasis in original); *United States v. Davenport,* 753 F.2d 1460, 1462 (9th Cir. 1985) (holding that disclosure "must be made at a time when disclosure would be of value to the accused").

There is no suppression here because the information Mr. Luther references will be turned over prior to trial and prior to the discovery deadlines. While there is no bright line timing rule, the Ninth Circuit has found no *Brady* violation when late disclosures of impeachment information occurred days prior to trial, *Oklah*, 94 F.4th at 827–28, or even during a multi-week trial, *Gordon*, 844 F.2d at 1403 ("*Brady* does not necessarily require that the prosecution turn over exculpatory material *before* trial."). Nothing in defense's motion establishes that government disclosure of impeachment material months before trial will prevent Mr. Luther from making effective use of that information at trial. *See Oklah*, 94 F.4th at 828 (finding that the question is whether the defense has adequate time to prepare to use the information at trial).

Furthermore, the timing of disclosure of the material is still well within this Court's own deadlines. The Court's TMO in this case sets a discovery deadline for October 22, 2026. ECF

No. 201 at pp. 1, § 3.(A) ("Remaining discovery, expert notices, and 404(b) notices are due October 22, 2026"). The government is adhering to its discovery obligations and will continue to do so, including an ongoing obligation to obtain and make appropriate disclosure of impeachment material from law enforcement agencies.

Given that the material at issue will be within Mr. Luther's possession months prior to trial, and the court-ordered discovery deadline has not yet passed, there is no suppression here. The motion to dismiss is premature and fails to establish a violation of *Brady* or *Giglio*.

**B. Mr. Luther Cannot Establish Prejudice**

To establish the third prong of a *Brady* violation, Mr. Luther must demonstrate that if evidence was suppressed, the lack of disclosure caused prejudice. *Strickler*, 527 U.S. at 281–82; *Bruce*, 984 F.3d at 894–95. Prejudice exists if the lateness of the disclosure caused the defense to not be able to use the information such that the result of the proceeding would have been different. *See United States v. Doe*, 705 F.3d 1134, 1149–50 (9th Cir. 2013); *Oklah*, 94 F.4th at 827–28 (9th Cir. 2024) (question is "whether the *lateness* of the disclosure . . . prevented [defendant] from receiving his constitutionally guaranteed fair trial") (quoting *United States v. Miller*, 529 F.2d 1125, 1128 (9th Cir. 1976)).

Mr. Luther fails to address why he cannot effectively use the impeachment information at trial or how the timing of the disclosure prevents him from receiving a constitutionally fair trial. The only prejudice that Mr. Luther cites is the time his counsel spent finding the impeachment evidence and preparing the motion. He does not, however, provide any support for the notion that routine trial preparation and electing to write a motion establish the requisite prejudice to support a *Brady* violation. *See Parker v. Cnty. of Riverside*, 78 F.4th 1109, 1112–14 (9th Cir.

2023) (rejecting a proposed extension of *Brady* prejudice to include impacts on trial strategy when no conviction or adverse legal outcome has been realized).

Trial is over four months away. The discovery deadline in this matter is over one month away. Mr. Luther will have ample opportunity to use the impeachment material at trial. There is no prejudice.

Despite the fact that Mr. Luther does not establish prejudice for these *Brady/Giglio* allegations, he nonetheless appears to ask this Court to dismiss the indictment "in light of other failures by the government regarding discovery." ECF No. 202 at 11–12. He points to his since-denied motion for sanctions related to state law enforcement's loss of a recorded marijuana purchase from Mr. Luther as well as text messages about marijuana. *Id.*; *see also* ECF No. 152 at 2–3 (government's response to Mr. Luther's motion); ECF No. 175 (Court's denial of Mr. Luther's motion). He omits that the evidence at issue in those filings was, in fact, *inculpatory* and did not constitute *Brady* material. Nor does he note that there was no bad faith showing in the loss of that evidence, undercutting his previous spoliation allegations. Asking this Court to conflate a previously denied motion regarding non-*Brady* material with the current set of allegations does not bridge the large prejudice gap left open in the instant motion.

## II. Dismissal Is an Extreme and Unwarranted Remedy

Dismissal is reserved for egregious, outcome-altering prosecutorial misconduct. The Ninth Circuit repeatedly emphasizes reluctance to dismiss indictments absent intentional misconduct causing substantial prejudice. None of those elements exist here.

Circuit courts generally afford district courts discretion to fashion appropriate remedies for sustained *Brady* violations. *United States v. Cloud*, 102 F.4th 968, 981 (9th Cir. 2024). The

"usual" remedy for a Brady violation is a new trial. *United States v. Kohring*, 637 F.3d 895, 913 (9th Cir. 2011). Seeking dismissal with prejudice in advance of trial, as Mr. Luther does here, is a step beyond that. And nothing in the motion establishes conduct that is "so grossly shocking and outrageous as to violate the universal sense of justice." *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993).

There is no dispute that trial courts have discretion to dismiss cases for flagrant violations when lesser sanctions fail to remedy a defendant's prejudice. But two Ninth Circuit cases the defense relies on—*Bundy* and *Chapman*—both involved significant mid-trial disclosures in complex cases that would have necessitated significant delays. This case is pretrial and defendant will have the information he seeks well in advance of trial; the facts bear no resemblance to the egregious facts in a few cases in which dismissals have entered. Seizing on dismissal without even considering less severe sanctions can itself be an abuse of discretion. *See, e.g., United States v. Kuyoro,* 175 F. 4th 630, 640 (5th Cir. 2026) (reversing dismissal because the "district court failed to impose the least severe sanction that would remedy any discovery violation")

The appropriate next steps in this situation are obvious: production of materials and opportunity for cross-examination at trial. The government is continuing to work to meet its disclosure obligations—Mr. Luther will possess the information well in advance of trial. Trial is yet four months away, so the opportunity for cross examination on the information at issue remains.

The requested remedy—dismissal with prejudice—is unsupported by law or fact.

## CONCLUSION

For the reasons above, Mr. Luther cannot establish a *Brady* violation. The disciplinary information regarding the witness will be in Mr. Luther's possession well before trial, discovery deadlines have not passed, and the defense's ability to use the impeachment evidence is unimpaired. Dismissal is unwarranted and unsupported. The motion should be denied.

Dated: September 30, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *William M. McLaren*
WILLIAM M. McLAREN, OSB #143836
Assistant United States Attorney

/s/ *Julia E. Jarrett*
JULIA E. JARRETT
Assistant United States Attorney